STATE OF MINNESOTA

COUNTY OF RAMSEY

FILED UNDER SEAL PURSUANT TO 18 U.S.C. § 3509(d)(2) and L.R. 49.1(c)(1)(G)

Criminal No.: 25-mj-143 (SGE)

AFFIDAVIT OF KEVIN BROWN

I, Kevin Brown, being first duly sworn, state as follows:

## INTRODUCTION

1. I am a licensed peace officer currently employed by the Eden Prairie Police Department. I became a licensed peace officer in 2009 after obtaining my undergraduate degree in law enforcement. In 2021, I became a Task Force Officer (TFO) on the Violent Crimes Task Force of the Federal Bureau of Investigation (FBI). In my capacity as a TFO, I have assisted local police departments conduct investigations into numerous federal crimes, including carjacking, bank robbery, and violent crimes against children. These investigations have included the use of various surveillance techniques and the execution of numerous search, seizure, and arrest warrants.

2. I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) because my position is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I also am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) because I am a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. This affidavit is submitted in support of a criminal complaint charging **Michael Bruce Gillis** (YOB 1990) with Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Sections 2422(b) and 2427; and Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

4. The facts set forth herein are based on my own personal observations, my review of police reports, and conversations I have had with other law enforcement personnel. The facts set forth herein do not include the complete facts related to this investigation, just those facts necessary to support probable cause for purposes of the Complaint.

## PROBABLE CAUSE

5. On or about March 2, 2025, the Mounds View Police Department received a report of a missing person. The family members of a 15-year-old juvenile male (Minor Victim A) became concerned after discovering Minor Victim A missing. In an effort to locate Minor Victim A, the concerned family members reviewed his electronic devices. The family members located recent chat communications between Minor Victim A and an individual identified as "Nick Miller."

6. This chat thread included Minor Victim A identifying himself as being young and still in high school. "Nick Miller" wrote that he "liked being dom" and "like[s] younger guys." Minor Victim A sought to clarify the issue by responding "How young? Im younger I'll tell you that first." "Nick Miller" responded "you don't have to say but I'm okay with it." Minor Victim A then indicated "I'll just say I'm still in hs."

2

"Nick Miller" expressed no concerns regarding Minor Victim A's age and, instead, indicated he had a "friends with benefits" for two years who was still in high school and probably close to Minor Victim A's age. "Nick Miller" indicated that he used Uber to transport this other "friend with benefits" so that he could meet up in person.

7. "Nick Miller" and Minor Victim A quickly transitioned to exchanging sexually explicit messages. "Nick Miller" graphically expressed his desire to have sexual intercourse with Minor Victim A, which included a desire to "want you on the regular." The pair eventually exchanged graphic images, including photographs of their genitalia, the lower torso area of each individual, and one of Minor Victim A's anus. "Nick Miller" responded to these images with messages like "Oh fuck yes I need you so bad." At one point, Minor Victim A indicated that his parents did not track his location. "Nick Miller" responded that would make it "easier for us to fuck regularly." These communications occurred on Internet-based applications—such as Discord and Sniffies—in a manner that affected interstate and foreign commerce.

8. The pair eventually planned to meet at a known residence in Eden Prairie, Minnesota. "Nick Miller" provided the address details to Minor Victim A. Because Minor Victim A was too young to drive, "Nick Miller" offered to send an Uber to a location near Minor Victim A to transport him. Minor Victim A agreed, and "Nick Miller" ordered an Uber to collect Minor Victim A from a park near Minor Victim A's address. The pair stayed in close contact as the Uber drove Minor Victim A to the indicated location. "Nick Miller" provided step-by-step directions to Minor Victim A to ensure he arrived at the correct location.

9. Based on this information, and the fact that Minor Victim A had been reported missing, police officers with the Eden Prairie Police Department responded to the address "Nick Miller" had provided to Minor Victim A. This welfare check occurred approximately four hours after "Nick Miller" and Minor Victim A had agreed to meet. Law enforcement officers discovered Minor Victim A walking on foot a short distance from the indicated residence.

10. Minor Victim A reported that he gone to meet "Nick Miller" and, after arriving, "Nick Miller" sexually assaulted him. Minor Victim A reported that "Nick Miller" had penetrated his anus with his penis and had not used protection. Minor Victim A escaped after "Nick Miller" had fallen asleep. A qualified nurse at Regions Medical Hospital performed a sexual assault examination on Minor Victim A. That examination revealed redness and soreness around Minor Victim A's anal region. This appeared to substantiate Minor Victim A's report of anal sexual penetration.

11. Law enforcement officers subsequently encountered "Nick Miller" at the indicated address and positively identified him as **Michael Bruce Gillis**. A subsequent records check revealed that **Gillis** had two pending matters involving allegations of child exploitation:

   a) In August 2024, the Bloomington Police Department arrested **Gillis** during a human trafficking operation. **Gillis** had been chatting online with an undercover law enforcement officer whom **Gillis** believed to be a minor. **Gillis** drove to an agreed-upon location intending to have sex with the minor. A search incident

4

        to arrest found a bottle of lubricant on **Gillis's** person. **Gillis** faces charges for this incident in Hennepin County and obtained pretrial release.

    b)    In October 2024, the Polk County Sherriff's Office in Florida arrested **Gillis** during a human trafficking operation. Once again, **Gillis** had interacted with an undercover law enforcement officer whom **Gillis** believed to be a minor. **Gillis** took an Uber to an agreed-upon location intending to have sex with the minor. A search incident to arrest found a bottle of lubricant on **Gillis's** person. **Gillis** faces charges for this incident in Polk County, Florida, and obtained pretrial release.

12.    On or about March 15, 2025, law enforcement officers arrested **Gillis** on charges our of Hennepin County, Minnesota, for his alleged offense conduct with Minor Victim A. **Gillis** subsequently posted bail and obtained pretrial release. Each of these matters—the August 2024 incident, the October 2024 incident, and the March 3, 2025 incident—remain pending.

## CONCLUSION

13. Based on the facts set forth above, there is probable cause to believe that **Michael Bruce Gillis** (YOB 1990) committed the offenses of Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Sections 2422(b) and 2427; and Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

Respectfully submitted,

Kevin Brown
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3)
on March 20, 2025.

The Honorable Shannon G. Elkins
United States Magistrate Judge