UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-mj-143 (SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER FOR DETENTION** |
| MICHAEL BRUCE GILLIS, | ) |
| Defendant. | ) |

This matter came before the Court on March 27, 2025, for a preliminary and detention hearing following the defendant's initial appearance on a federal complaint. The defendant appeared in custody and was represented by Hillary B. Parsons. The United States of America was represented by Assistant United States Attorney Jordan L. Sing. After being advised of his rights and the procedural posture, the defendant knowingly and voluntarily elected to waive the preliminary and detention hearing on the federal complaint. Accordingly, the Court finds that probable cause supports the complaint and orders the defendant detained pending further proceedings.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On March 20, 2025, the defendant was charged by federal complaint with Coercion and Enticement of a Minor in violation of Title 18, United States Code, Sections 2422(b) and 2427; and Production of Child Pornography in violation of Title 18, United States Code, Sections 2551(a) and 2251(e). The complaint affidavit generally alleged that, on or about March 2, 2025, the defendant knowingly used the Internet to engage a minor in sexually explicit conversation that included requesting and exchanging sexually

graphic images with the minor. The affidavit alleged that the defendant eventually directed the minor to the defendant's location at which time the defendant sexually assaulted the minor. The complaint further alleged that, at the time of this offense conduct, the defendant had been placed on pretrial release in two other matters involving allegations of child exploitation. The allegations against the defendant are serious and carry significant potential penalties.

2.   On March 21, 2025, the defendant appeared for an initial appearance on the federal complaint. The Court advised the defendant of his constitutional rights, including the right to consult with his appointed counsel and the procedural posture of this matter. *See* Fed. R. Crim. P. 5, 5.1. The defendant requested a brief continuance of his right to a preliminary and detention hearing to consult with counsel. The Court set the preliminary and detention hearing for March 27, 2025.

3.   On March 27, 2025, the defendant appeared for his preliminary and detention hearing. After being advised of his rights to a hearing on both issues, the defendant knowingly and voluntarily elected to waive his right to challenge the probable cause underlying the criminal complaint. Accordingly, the Court finds that probable cause supports the underlying criminal complaint. *See* Fed. R. Crim. P. 5.1(a)(1).

4.   The Court then turned to the issue of the defendant's detention pending trial. *See* 18 U.S.C. § 3142. Because the complaint charges the defendant with an offense involving a minor victim under 18 U.S.C. §§ 2242 and 2251, a rebuttable presumption arises in favor of detention pending trial. *See* 18 U.S.C. § 3142(e)(3)(E). After being

advised of his right to a detention hearing, the defendant knowingly and voluntarily waived his right to contest the issue of his detention pending further proceedings. Based on this waiver, the defendant elected not to rebut the presumption in favor of detention pending trial.

5. Accordingly, based on the defendant's waiver, the bond report, and the allegations in the criminal complaint, the Court concludes by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's future appearance in Court. *See* 18 U.S.C. § 3142(e)(1); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The Court also concludes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community should the defendant be released pending trial at this time. *Id.* Accordingly, absent further order from the Court, the defendant will be detained pending further proceedings in this matter.

## ORDER

Accordingly, based on all the files, records, and proceedings, **IT IS HEREBY ORDERED:**

1. The motion of the United States for detention pending further proceedings is **GRANTED**;

2. The defendant is committed to the custody of the United States Marshals for transport and confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Defendant is confined shall deliver him to the United States Marshals for the purpose of appearance in connection with all court proceedings.

Dated: March 28, 2025                                *s/Shannon G. Elkins*

                                                                       Hon. Shannon G. Elkins
                                                                       United States Magistrate Judge